UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IMAN GREENE, ET AL.                           CIVIL ACTION

VERSUS                                        NO. 20-773

ACE AMERICAN INSURANCE                        SECTION: "B"(3)
COMPANY, ET AL.

ORDER

Before the Court are plaintiffs Iman Greene, Paul Young, Jr., and Cornelia Madison's motion to remand (Rec. Doc. 7) and defendants Ace American Insurance Company and Hertz Corporation's response in opposition (Rec. Doc. 8). Accordingly,

For the reasons discussed below,

**IT IS ORDERED** that plaintiffs' motion to remand (Rec. Doc. 7) is **GRANTED.**

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from a motor-vehicle accident that took place on September 3, 2018 on Crowder Boulevard in Orleans Parish. Rec. Doc. 1-4 at ¶ III [Original State Court Petition]. Plaintiff Iman Greene was operating a vehicle owned by defendant Hertz Corporation ("Hertz") and insured by defendant Ace American Insurance Company ("Ace") with plaintiffs Paul Young, Jr. and Cornelia Madison riding as guest passengers, when it was struck from behind. *Id.* An unknown driver operating a stolen vehicle rear-ended plaintiffs' vehicle and fled the scene. *Id.* As a result of the incident, plaintiffs claimed injuries and entitlement to damages from both defendants.

1

All plaintiffs are citizens of the state of Louisiana, and each is domiciled in Orleans Parish. Rec. Doc. 1 at ¶ 9. Defendant Hertz is a Delaware corporation with its principal place of business in Estro, Florida, while defendant Ace is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. *Id.* at ¶ 11.

Plaintiffs filed their original suit in the Civil District Court for the Parish of Orleans on July 23, 2019. Rec. Doc. 1-4. Plaintiffs later filed their first supplemental and amended petition in state court on October 1, 2019. Rec. Doc. 1-6. Neither petition states the amount in controversy between plaintiffs and defendants to this litigation. *See* Rec. Docs. 1-4, 1-6. In the original and first supplemental and amended petition, plaintiffs prayed for damages regarding: past and future physical pain and suffering; past and future mental pain and suffering; past, present, and future medical expenses; "rental expenses"; property damage; "loss of use and/or depreciation of vehicle"; loss of past and future earnings; loss of future earning capacity; "disability of the body"; past and future loss of enjoyment of life; and loss of consortium. Rec. Doc. 1-4 at ¶ VI; Rec. Doc. 1-6 at ¶ 3. These are the only descriptions of damages in either of plaintiffs' petitions.

Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction under 28

U.S.C. § 1332. Rec. Doc. 1. A timeline of the pertinent procedural history of this case is as follows:

(1) **June 23, 2019** – Plaintiffs file their original petition for damages in the Civil District Court for the Parish of Orleans (Rec. Doc. 1-4);

(2) **September 17, 2019** – defendant Ace served plaintiffs with a request for admissions (Rec. Doc. 1-11 at 16)[1];

(3) **October 1, 2019** – plaintiffs file first supplemental and amending complaint adding defendant Hertz to the litigation (Rec. Doc. 1-6);

(4) **November 5, 2019** – Plaintiffs' counsel Brian Branch has an email exchange with defendants' counsel Howard Kaplan, wherein Mr. Branch states in pertinent part: "Two of my clients have been recommended for surgery." (Rec. Doc. 7-2 at p. 2);

(5) **December 9, 2019** – Mr. Branch's assistant sent Mr. Kaplan an email with Southern Brain & Spine medical records for plaintiff Iman Greene (Rec. Doc. 7-3). The medical records stated that "[plaintiff Iman Greene] may be a candidate for cervical arthroplasty, we will have to see. I would like to obtain an updated MRI . . . We will set [plaintiff] up for a new MRI and then see me back afterwards and determine the most appropriate course of action for her." (*Id.* at 3);

---

[1] The request for admission stated: "No. 1: Do you admit your claim is worth more than $75,000.00, not including costs and interest? . . . No. 2: Do you admit you claim is worth more than $50,000.00, not including court costs and interest?" Rec. Doc. 1-11 at 16. Plaintiffs have not responded to defendants' requests for admission.

(6) **January 22, 2020** – Defendants propound interrogatories and requests for production of documents on plaintiffs (Rec. Doc. 1-11)[2];

(7) **February 20-21, 2020** – Defendants receive formal responses to their propounded interrogatories and requests to produce documents, dated February 14, 2020; Rec. Docs. 1-12, 1-13, 1-14.

(8) **March 5, 2020** – defendants remove the matter to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. Rec. Doc. 1.

Plaintiffs bring the instant motion alleging that defendants untimely removed this matter to federal court. Rec. Doc. 7. Defendants have filed a response in opposition, claiming they removed the matter timely, within thirty days of receipt of plaintiffs' formal discovery responses (February 20-21, 2019), and within one year after the commencement of the action. Rec. Doc. 8; *see also* Rec. Doc. 1 at ¶ 13.

## LAW AND ANALYSIS

### a. Timeliness of Removal

If a civil action over which the district courts of the United States have original jurisdiction is brought in a State Court, it "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing

---

[2] It should be noted that the request for admissions were actually propounded on plaintiffs on September 17, 2019, despite being attached at 1-11 with the interrogatories and requests for production of documents. *See* Rec. Doc. 1-11 at p. 16 [Request for Admissions dated 9/17/2019]. The interrogatories and request for production of documents are both dated January 22, 2020.

the place where such action is pending." 28 U.S.C. § 1441(a).
Defendants must file a notice of removal pursuant to 28 U.S.C.
§1446. Generally:

> The notice of removal of a civil action or proceeding
> shall be filed within 30 days after the receipt by the
> defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief
> upon which such action or proceeding is based . . .

28 U.S.C. § 1446(b)(1). However,

> if the case stated by the initial pleading is not
> removable, a notice of removal may be filed within 30
> days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion,
> order or other paper from which it may first be
> ascertained that the case is one which is or has become
> removable.

28 U.S.C. § 1446(b)(3). Further, the removing party bears the
burden of showing that removal was proper, and any ambiguities are
to be strictly construed in favor of remand. *See Manguno v.
Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 722 (5th Cir.
2002).

The issue before the Court is one of timeliness. Plaintiffs
allege that defendants' removal of the case was untimely because
of plaintiffs' failure to respond to defendants' request for
admission, dated September 17, 2019, for thirty days, caused the
30-day period for removal to begin, rendering the March 5, 2020
removal untimely. Defendants contend that the 30-day clock only
began to run when plaintiffs responded to interrogatories and

requests for production of documents on February 20, 2020, rendering removal timely. Defendants are incorrect.

The case most closely on point with the current matter is *Gayden v. Winn-Dixie Montgomery, Inc.*, which dealt, in-part, with a timeliness of removal issue. No. CIV.A. 13-6232, 2014 WL 433503 (E.D. La. Feb. 4, 2014). In *Gayden*, the court unequivocally held that a plaintiff's failure to respond to defendant's request for admission that the amount in controversy exceeded $75,000 deemed the statement admitted in accordance with La. Code Civ. Proc. art. 1467. *Id.* at *4. The court ruled that the admission constituted "other paper" pursuant to 28 U.S.C. 1446(c)(3)(A), and "triggered the 30-day removal clock." *Gayden* ultimately held that the defendant had timely removed because removal took place within thirty days from the date that the admissions propounded on the plaintiff were deemed admitted.[3]

Here, defendant propounded requests for admission on plaintiffs on September 17, 2019. Rec. Doc. 1-11 at p. 16. The request for admissions sought admission from plaintiffs' that their claim was in excess of $75,000, and plaintiffs failed to

---

[3] "[P]laintiff did not explicitly state in her petition that damages exceeded the federal jurisdictional amount. When she failed to respond to defendant's request for admission that the amount in controversy exceeded $75,000, that statement was deemed admitted in accordance with La. Code Civ. Proc. art. 1467. The admission, which occurred on October 4, 2013, qualifies as 'other paper' by the terms of 18 U.S.C. § 1446(c)(3)(A) and triggered the 30-day removal clock. Defendant removed this action on October 23, 2013. Removal was therefore timely, and jurisdiction is proper." *Gayden*, 2014 WL 433503, at *4.

respond. *Id*. Accordingly, after thirty days, plaintiffs' failure to answer the requests for admission was deemed an admission and started the 30-day period for removal. La. Code Civ. Proc. art. 1467 ("The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.").

Defendants cite to *Franklin v. Tom Hassel Transp., Inc.*, who "declined to follow" *Gayden*. *Franklin*, 2019 WL 2755093; *see also* Rec. Doc. 8 at 5. However, as stated by that court, *Franklin* dealt primarily with the issue of whether the jurisdictional amount was met, not whether the removal itself was timely. *Id*. *Franklin* noted that it "recognize[d] that a failure to timely respond to a request for admissions results in the statement being deemed 'admitted' under Louisiana law." *Id*. However, the court also noted, "[s]uch admissions . . . are only one factor a court may consider when determining whether the amount in controversy is sufficient to support federal jurisdiction." *Id*. The court stated that defendants' reliance on *Gayden* was misplaced because "[t]he issue in *Gayden* . . . was not whether the amount in controversy has been met, but whether removal was timely. . . [and that] [b]ecause the Court did not engage in a detailed analysis regarding the amount

in controversy, it [was] unclear how heavily the Court relied on the plaintiff's failure to timely respond to a request for admissions in determining that the amount in controversy was above $75,000." *Id*. *Franklin* ultimately held that the court did "not find *Gayden* helpful for determining the issue at hand," that being whether the claims exceeded the federal jurisdictional limit. *Id*.

In this matter, defendants' removal was untimely, and that ruling is supported by *Gayden*. Further, *Franklin* never admonished that *Gayden* was an incorrect statement of law or a mistake, and merely stated that *Gayden* did not fully discuss whether the amount in controversy had been met. *Franklin* clearly did not disturb *Gayden's* holding that a failure to answer a request for admission that the amount in controversy exceeds $75,000 will begin the 30-day period for removal.

The crux of plaintiffs' motion to remand is that defendants failed to timely remove the case because the 30-day removal period started and eventually tolled due to plaintiffs' failure to respond to the requests for admission. According to *Gayden*, plaintiffs' failure to respond to defendants' request for admission is sufficient to constitute "other paper" and begin the 30-day period in which to remove the claims. Defendant's March 5, 2020 removal was untimely because the request for admission was deemed admitted when plaintiffs failed to respond for thirty days, which began the 30-day removal period, which subsequently tolled after thirty-days

elapsed without defendant's filing a removal. Accordingly, plaintiffs' motion is granted, and the case is remanded to state court.

    New Orleans, Louisiana this 15th day of July, 2020.

_____

SENIOR UNITED STATES DISTRICT JUDGE